J-S59003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY LEE OLDS, | |
| Appellant | No. 1319 WDA 2014 |

Appeal from the PCRA Order July 15, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006857-1979
CP-02-CR-0007090-1979

BEFORE:  BOWES, DONOHUE, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 27, 2015**

Ricky Lee Olds appeals from the July 15, 2014 PCRA order denying him relief.  We affirm.

On April 2, 1980, Appellant was found guilty of second-degree murder, robbery, and conspiracy based on a crime that he committed when he was fourteen years old.  On October 9, 1979, Appellant was riding around Pittsburgh with Claude Bonner and Tommy Allen, who was armed.  Allen decided to rob Fort Wayne Cigar Store located on Western Avenue, Pittsburgh.  Appellant agreed with this plan.

It was approximately 3:45 a.m. when the three cohorts arrived at the store.  Allen and Appellant entered in time to see Thomas Bietler make a cash purchase, and he appeared to possess a significant amount of money.

_____
* Former Justice specially assigned to the Superior Court.

Allen and Appellant followed Bietler from the store. The store clerk heard a shot and went outside. The clerk saw Allen shoot Mr. Bietler twice more while the victim was holding out his wallet and telling Allen to take it. The three co-conspirators fled the scene.

On April 28, 1981, Appellant was sentenced to a mandatory term of life imprisonment without parole ("LWOP") based upon his second-degree murder conviction. On November 25, 1983, we affirmed the judgment of sentence. *Commonwealth v. Olds*, 469 A.2d 1072 (Pa.Super. 1983).

Appellant litigated his first request for post-conviction relief, which was counseled, through the trial and appellate courts from 1984 through 1992. During that proceeding, the court denied relief, we reversed, and our Supreme Court reversed this Court, reinstating the denial of post-conviction relief.

Appellant filed his second petition collaterally attacking his judgment of sentence on July 13, 2010. Therein, he contended that his sentence was unconstitutional under *Graham v. Florida*, 130 S.Ct. 3011 (2010), which held that a sentence of LWOP for non-homicide juvenile offenders was unconstitutional under the Eighth Amendment. Relief was denied, we affirmed, and our Supreme Court denied allowance of appeal. *Commonwealth v. Olds*, 32 A.3d 845 (Pa.Super. 2011) (unpublished memorandum).

Appellant filed a third PCRA petition on August 20, 2012, seeking relief from his sentence under ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), which held that a mandatory sentence of LWOP could not be imposed upon juvenile homicide offenders. Counsel was appointed. The PCRA court stayed the PCRA proceeding until the Pennsylvania Supreme Court ruled on whether ***Miller*** would be given full retroactive effect to PCRA petitioners. Our Supreme Court decided that ***Miller*** would not be so applied in ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013). The PCRA court dismissed the PCRA petition, and this appeal followed.

We summarize the positions presented by Appellant on appeal: 1) he should have been granted leave to amend his PCRA petition; 2) his sentence is unconstitutional under the Eighth Amendment, which prohibits imposition of a mandatory term of LWOP on juvenile homicide offenders; 3) Appellant is entitled to relief in the interest of justice; 4) ***Miller*** should be applied retroactively under the Pennsylvania Constitution; and 5) Appellant should be able to pursue *habeas corpus* relief.

When reviewing "an order denying collateral relief under the PCRA," we must "determine whether evidence of record supports the findings of the PCRA court and whether its legal conclusions are free of error. ***Commonwealth v. Burton***, 2015 WL 50762842015, at *2 (Pa.Super. 2015) (en banc) (citation omitted). PCRA petitions must be filed within the time parameters outlined in 42 Pa.C.S. § 9545. Specifically, any PCRA petition

must be filed within one year of when the PCRA petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). The PCRA's time restrictions are jurisdictional in nature. **Commonwealth v. Chester**, 895 A.2d 520 (Pa. 2006). We therefore first must determine if a PCRA petition was timely filed before we address a substantive claim. **See Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008).

A judgment of sentence becomes final at the conclusion of direct review or the time for seeking direct review. 42 Pa.C.S. § 9545(b)(3). Appellant's ability to pursue direct review was concluded in 1984, and the present, 2012 petition is obviously untimely. There are three exceptions to this one-year time bar, and the one invoked by Appellant was the third one: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. 9545(b)(1)(iii). **Miller** recognized an Eighth Amendment constitutional right in juveniles that prevented them from being automatically sentenced to a mandatory term of LWOP. Thus, **Miller** created a new constitutional right. However, the second aspect of this exception cannot be invoked by Appellant because that right has not been held by either the United States Supreme Court or the Pennsylvania Supreme Court to apply retroactively. Indeed, **Cunningham** ruled to the contrary.

- 4 -

Appellant's first position is that he should have been permitted to amend his PCRA petition. The flaw in this request is that Appellant fails to delineate precisely what exception to the one-year time bar that he would invoke in any amended PCRA petition. This omission is fatal to our ability to grant relief in that the PCRA specifically requires a PCRA petitioner to plead and prove an applicable exception to the one year time bar in order to invoke the court's jurisdiction. The PCRA court's failure to allow the amendment of a PCRA petition does "not warrant reversal where the claim is record-based and our review indicates that the issue does not fall within a timeliness exception." *Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013). As that is the case herein, the PCRA court correctly denied Appellant's request to amend his untimely 2012 PCRA petition.

Appellant's second position is that *Miller* should be applied retroactively under principles applied under the Pennsylvania constitution. As we articulated in *Commonwealth v. Seskey*, 86 A.3d 237 (Pa.Super. 2014), only a decision by the United States Supreme Court or the Pennsylvania Supreme Court to render a new constitutional right retroactive is sufficient to invoke the third exception contained in § 9545((b)(1)(iii) to the one-year filing deadline for a PCRA petition. This Court cannot afford a PCRA petitioner relief from § 9545(b) by finding that *Miller* is retroactive under the Pennsylvania Constitution. Hence, this averment does not afford Appellant relief in this Court.

Appellant's third assertion is that relief should be granted in the interest of justice. We do not have jurisdiction in this matter unless Appellant is able to successfully invoke an exception to the one-time limitation on his ability to seek PCRA relief. Additionally, the PCRA does not permit the courts "to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011); *accord Commonwealth v. Harris*, 972 A.2d 1196, 1199 (Pa.Super. 2009) (it is settled that "there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions") (citation omitted). Since we lack jurisdiction over this PCRA petition, we cannot grant Appellant's request for relief in the interests of justice.

Appellant also claims that he should be permitted to file a *habeas corpus* petition. It is beyond cavil that the PCRA is the sole avenue for seeking post-conviction relief unless that statute could not provide a potential remedy for the wrong for which the defendant seeks redress. *Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013). A defendant cannot avoid the PCRA's time bar by framing his relief as one sounding in *habeas corpus*.

In this case, Appellant is asking for relief from a sentence, LWOP, that he asserts is unconstitutional. The PCRA provides relief for illegal sentences, 42 Pa.C.S. § 9542 (the PCRA creates an avenue by which "persons serving

illegal sentences may obtain collateral relief"), and Appellant's claim is cognizable under the PCRA. ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999); ***Taylor***, ***supra***. Hence, it must be raised in a timely PCRA petition. ***Fahy***, ***supra***. Since ***Miller*** has not been held to be retroactive by the United States Supreme Court or the Pennsylvania Supreme Court, this petition does not fall within an exception to the one-year time bar, and the PCRA court correctly dismissed it. Appellant cannot file a *habeas corpus* petition because his claim for relief is cognizable under the PCRA, and he cannot presently invoke an exception to the one-year time bar. Hence, we reject his fourth position.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2015